

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEX

FILED

OCT 3 1 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIA MCNEESE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | Civil Action No. |
| EXEL NORTH AMERICAN | § | 3-04CV-1174-D |
| LOGISTICS, INC. | § | |
| AND EXEL INC., | § | |
| | § | |
| Defendant. | § | |

ORIGINAL

## EXEL INC.'S BRIEF IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Exel Inc. ("Exel") submits this Brief in Support of Its Motion for Summary Judgment, and would respectfully show the Court as follows:

## I. BACKGROUND FACTS

The facts upon which Exel relies are set forth in its Motion for Summary Judgment filed simultaneously herewith and are incorporated herein by reference.

## II. SUMMARY OF THE ARGUMENT

In this lawsuit, Plaintiff Tia McNeese ("Plaintiff") asserts that both Exel North American Logistics, Inc. ("Exel NAL") and Exel violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq.* ("FLSA") by failing to pay her overtime for all hours allegedly worked in excess of forty hours per week during her employment. Exel seeks summary judgment on Plaintiff's claims as a matter of law because Exel NAL and not Exel Inc. employed Plaintiff. Because Plaintiff cannot establish an employment relationship with Exel Inc., Plaintiff cannot make out a claim against Exel Inc. under the FLSA.

Even if the Court finds an employment relationship existed between Plaintiff and Exel, which is denied, Plaintiff is judicially estopped from bringing this claim because she failed to list this lawsuit on her Bankruptcy schedules. Furthermore, Plaintiff does not have standing to assert her claim. Plaintiff filed this lawsuit before she was discharged from bankruptcy. Therefore, the cause of action belongs to the bankruptcy trustee.

Even if there is a genuine issue of material fact regarding whether Plaintiff has standing to assert her FLSA claim and whether Plaintiff's claims are judicially estopped, which Exel vehemently denies, Exel is still entitled to partial summary judgment on Plaintiff's damages claim because its actions were not willful. Therefore, Plaintiff's potential damages under the FLSA, if any, which is not admitted, are limited to the two-year period preceding the filing of her Complaint. The background facts, law and evidence relied upon by Exel can be found in Exel NAL's Motion for Summary Judgment and Brief in Support thereof which are filed contemporaneously herewith and is incorporated by reference herein.

For these reasons, Exel Inc. is entitled to summary judgment on each of Plaintiff's claims as a matter of law.

### III. SUMMARY JUDGMENT STANDARD

The Fifth Circuit considers summary judgment to be an integral part of the Federal Rules of Civil Procedure designed to secure the just, speedy and inexpensive determination of every action. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1074 (5th Cir. 1994) (en banc). It recognizes that the backlogs in the district courts, the high costs of litigation, and the burden on the courts and taxpayers mandate summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id.* at 1075-76.

Accordingly, summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A mere allegation by the nonmovant that a dispute over material facts exists between the parties will not defeat a movant's otherwise properly supported motion for summary judgment. *Stafford v. True Temper Sports*, 123 F.3d 291, 294 (5th Cir. 1997). Likewise, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Only factual disputes that might affect the outcome of the suit under the governing substantive law will be considered as material for purposes of determining whether summary judgment is proper. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994).

Under these controlling standards, Exel is entitled to summary judgment as a matter of law.

## IV. <u>ARGUMENT AND AUTHORITIES</u>

### A.   Plaintiff Cannot Maintain a Cause of Action Against Exel Inc. Because Plaintiff Was Never An Employee Of Exel Inc.

The FLSA requires covered employers to compensate nonexempt employees for overtime worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The term "employ" is defined as including to "suffer or permit to work." 29 U.S.C. § 203(g). Therefore, in order to maintain a cause of action under the FLSA, an employment relationship must exist between the plaintiff and the defendant. *See id*; *see also Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (using economic realties test to determine if employment relationship exists).

The merits of her claim notwithstanding, Plaintiff cannot clear the initial hurdle that she was an employee of Exel. As Exel's summary judgment evidence demonstrates, Exel has never employed Plaintiff. App. 7 (Alvey Decl. ¶ 3). Exel NAL, not Exel, hired Plaintiff in July 2000. App. 11, 2 (Pl.'s Dep. 12:6-16, Martin Decl. ¶ 3). Plaintiff voluntarily resigned her employment with Exel NAL in December 2003. App. 12-13, 3 (Pl.'s Dep. 135:23-136:1, Martin Decl. ¶ 3). At no time did Exel employ Plaintiff or have any employment relationship with her whatsoever. App. 7 (Alvey Decl. ¶ 3). Because no employment relationship ever existed between Plaintiff and Exel, Exel is not a proper defendant in this action under the FLSA.

**B.    Exel Is Entitled To Summary Judgment Because All of Plaintiff's Claims Are Barred By The Doctrine Of Judicial Estoppel.**

Plaintiff is judicially estopped from bringing this lawsuit under the FLSA because she never disclosed her FLSA claim, which Exel denies, to the bankruptcy court. Plaintiff's failure to do so is fatal to her claims in this lawsuit. The arguments and authorities relied upon by Exel have been thoroughly briefed in Exel NAL's Motion for Summary Judgment and Brief in Support of its Motion for Summary Judgment. Exel incorporates by reference the arguments contained in Exel NAL's Brief in Support of its Motion for Summary Judgment and the exhibits found in the Appendix to Exel NAL's Brief in Support of its Motion for Summary Judgment.

**C.    Exel Is Also Entitled To Summary Judgment On All of Plaintiff's Claims Because Plaintiff Does Not Have Standing To Bring This Action.**

In addition, Exel is entitled to summary judgment because Plaintiff does not have standing to assert the FLSA cause of action she is attempting to pursue in this case. The arguments and authorities relied upon by Exel have been thoroughly briefed in Exel NAL's Brief in Support of its Motion for Summary Judgment. Exel incorporates by reference the arguments

contained in Exel NAL's Brief in Support of its Motion for Summary Judgment and the exhibits found in the Appendix to Exel NAL's Brief in Support of its Motion for Summary Judgment.

**D.      Exel Is Entitled To Summary Judgment On Plaintiff's Claim That Exel NAL's Actions Were Willful, Thus Subjecting Exel NAL to a Three Year Statute of Limitations.**

Assuming *arguendo* that there is a general issue of material fact regarding whether Plaintiff is an employee of Exel, whether Plaintiff is judicially estopped from bringing her FLSA claims and whether Plaintiff is the real party in interest, which is vehemently denied, Exel is nonetheless entitled to partial summary judgment on Plaintiff's claim that Exel's actions were willful. Plaintiff cannot meet this extremely high standard, and thus the two-year statute of limitations applies to this matter rather than the three-year statute of limitations Plaintiff contends applies in this case. The arguments and authorities relied upon by Exel have been thoroughly briefed in Exel NAL's Brief in Support of its Motion for Summary Judgment. Exel incorporates by reference the arguments contained in Exel NAL's Brief in Support of its Motion for Summary Judgment and the exhibits found in the Appendix to Exel NAL's Brief in Support of its Motion for Summary Judgment.

Because no employment relationship ever existed between Plaintiff and Exel, Exel is not a proper defendant in this action under the FLSA. Additionally, Plaintiff is judicially estopped from asserting her FLSA claim. Moreover, Plaintiff does not have standing to bring this lawsuit. If the court somehow finds that there is a genuine issue of material fact as to whether an employment relationship existed, whether Plaintiff is judicially estopped from bringing this lawsuit, and whether Plaintiff has standing to assert this lawsuit, which are all denied, Exel is entitled to partial summary judgment on the Plaintiff's claims that Exel's actions were willful.

Based on the foregoing, summary judgment in favor of Exel is appropriate on Plaintiff's claims under the FLSA.

## V. <u>CONCLUSION</u>

For the reasons set forth herein, summary judgment in favor of Defendant Exel Inc. is appropriate on Plaintiff's claims.

WHEREFORE, PREMISES CONSIDERED, Defendant Exel Inc. respectfully requests that this Court enter an order granting summary judgment in favor of it on each of Plaintiff's claims, and granting Defendant Exel Inc. such other and further relief to which it is justly entitled.

Respectfully submitted,


_____

Michael P. Royal
State Bar No. 00784886
Kelly J. Thurman
State Bar No. 24008159
Locke Liddell & Sapp LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

ATTORNEY FOR EXEL NORTH AMERICAN
LOGISTICS, INC. & EXEL INC.

## CERTIFICATE OF SERVICE

I do hereby certify that on this _31st_ day of ~~November~~ October 2005, a true and correct copy of the foregoing document was served upon counsel for Plaintiff by Certified Mail, Return Receipt Requested as follows:

William M. Lamoreaux
900 Jackson Street, Suite 180
Dallas, Texas 75202


_____

Michael P. Royal